### Buster Harvel v. The State.

No. 16657. Delivered May 2, 1934.
Rehearing Denied June 20, 1934.
Second Rehearing Denied June 27, 1934.

The opinion states the case.

*Thomas B. Ridgell,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an attempt to commit arson, and his punishment assessed at confinement in the State penitentiary for a term of one year.

The facts show that for some time prior to the 5th day of April, 1933, keen competition existed among the cleaners and pressers in the town of Breckenridge which resulted in sharp reduction of prices for services of such nature and seems to have engendered some ill feeling among those engaged in that kind of work. At that time the appellant was engaged in the restaurant business. On the night of April 5th, he was seen by Mr. Mathis and Mr. Paschall in the rear of the Miller Hotel in an alley between said hotel and the building occupied by the Royal Cleaners & Dyers. They asked him what he was doing and he replied, "You would be surprised." They told him to

leave there, which he did, but a few minutes later he was discovered by Mr. Woodall, a night watchman, in the same alley endeavoring to extinguish a fire. Mr. Woodall testified for the State that he observed some sparks and saw a man trying to extinguish the fire with his hands; that he walked up behind him and asked him what he was doing, whereupon the appellant asked him, Woodall, to help put out the fire. Mr. Woodall discovered a fuse leading from the alley through a window into the building of the Royal Cleaners and Dyers, where it was connected with three sticks of dynamite. Mr. Woodall cut the fuse, helped put out the fire, and then the two walked to Rose Avenue and from there the appellant went to his home. On redirect examination by the State the witness further testified: "When I went where the defendant was in the alley, he told me he was going along Rose Avenue and saw the fire spitting out at the end of the fuse and that he went there to put it out." An examination of the premises disclosed a bomb, consisting of three sticks of dynamite with a dynamite cap and a fuse attached, wrapped up in a sack, had been placed in said building. A rag such as is used in tailor shops was discovered at the place. The appellant testified in his own behalf substantially to the same facts as the witnesses for the State, and in addition thereto testified that he had a date with a woman by the name of Harvey who was to meet him at the rear door of the Miller Hotel; that after he had been instructed by Mr. Mathis and Mr. Paschall to leave the alley he did so but returned immediately with the view of keeping his appointment with the woman, and as he reentered the alley he saw someone running away and immediately observed the fuse sparking, which he was attempting to extinguish when Mr. Woodall appeared. He then went to his room where a few minutes later he was arrested by Mathis and Paschall who took him to the sheriff's office. The two officers testified in behalf of the State that the appellant asked them, "What's the matter?", and they told him he would have a lot of explaining to do, whereupon the appellant remarked, "I guess I put it in the wrong tailor shop." The appellant denied having made such a statement but said that he did tell them, "I guess I was in the wrong place." The manager of the Miller Hotel testified for the State that no woman by the name of Harvey was registered at the hotel on that night. Jud Davidson testified in behalf of the appellant that he came to the town of Breckenridge that night from Kilgore and in passing along the street near the place where the fire was discovered and about the time that it was discovered

he saw a tall slender man running away from there across the street.

By a motion to quash the indictment the appellant questions the sufficiency of same. We have examined the second count of the indictment upon which the case was submitted to the jury and deem it sufficient to charge the offense of an attempt to commit arson.

At the close of the testimony the appellant requested the court to instruct the jury to return a verdict of not guilty and submitted a requested special charge for a peremptory instruction, which the court declined to give. We do not believe that the court committed any error in declining to instruct a verdict of acquittal because there was testimony which, if believed by the jury, would connect the appellant with the offense charged, in this: that the officers who arrested him testified that he told them he guessed he put it in the wrong tailor shop; besides, the testimony of the manager of the Miller Hotel is to the effect that no woman by the name of Harvey was registered at said hotel at said time and the register disclosed that on said night only three women and their husbands were registered at said hotel.

By bills of exceptions Nos. 1, 2, 3, 4, 5, and 6 the appellant complains of the action of the trial court in permitting the State to prove by the officers who arrested the appellant why he was in the alley and that he told them he guessed he had put it in the wrong tailor shop, to which the appellant objected because the testimony was improper and illegal and because the appellant at the time was under arrest, which objections were overruled and the witnesses were permitted to testify, and the appellant excepted. It is true that the appellant was under arrest at the time he made the statement to the officers, but this occurred within a few minutes after the appellant had been observed by Mr. Woodall in the alley attempting to extinguish the fire, and we believe it falls within the rule of res gestae testimony. See Powers v. State, 23 Texas App., 42; Bronson v. State, 59 Texas Crim. Rep., 17. Hence we overrule the appellant's bills of exception.

We have also examined the appellant's objections to the court's main charge and have reached the conclusion that the court's charge is not subject to the objections addressed to it.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

---

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again insists that the evidence does not support the conviction, and requests us to re-examine the facts. This we have done. To hold the evidence insufficient would require this court to substitute its judgment for that of the jury on an issue of fact. There is evidence in the record which if accepted by the jury does support the verdict. Appellant was seen twice in the alley where the fuse was located which led to the dynamite in the building. The truth of the explanation of his presence was seriously challenged by other evidence in the record. He denied that he said to one of the officers "I guess I put it in the wrong tailor shop." Such statement testified to by the officer could scarcely be confused with appellant's claim that what he did say was "I guess I was in the wrong place." Doubtless the same argument was made before the jury that is advanced here, namely; that the officer may have misunderstood what appellant said. The verdict seems to have settled the issue again appellant. The court gave the following instruction to the jury:

"You are charged that if you find and believe from the evidence that the defendant was present in the alley back of the 'Royal Cleaners' establishment on the night of April 5th, 1933, at the time testified about, for the purpose of meeting a woman, and that he thereby accidentally discovered the lighted fuse and made an effort to extinguish the same, or, if you have a reasonable doubt thereof, you will acquit defendant and say by your verdict 'not guilty'."

The charge presented the specific defense made by appellant from the witness stand, and by some of the statements made to the arresting officers. The jury did not believe the things included in the charge. The only ground upon which a reversal could be based would be to hold that the jury should have believed them. This would be going beyond our province.

Believing the legal questions were correctly decided in our original opinion leaves us no option but to overrule the motion for rehearing, which is accordingly ordered.

*Overruled.*

## ON APPLICATION FOR LEAVE TO FILE SECOND MOTION
### FOR REHEARING.

LATTIMORE, JUDGE.—We ordinarily decline to write on applications for leave to file second motions for rehearing, but in this case appellant earnestly insists that we should have discussed his proposition that it was error not to instruct the jury that the State would be bound by his exculpatory statement, which he claims was introduced by the State and was not overthrown or disproved by any testimony. We have carefully gone through appellant's bills of exception, his exceptions to the charge and his special charges, and have failed to find in any of them complaint of the failure of the State in the regard so urgently argued by appellant in his motion. This being true, we could not grant the application, and it is accordingly denied.

*Application denied.*